# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2026

Lyle W. Cayce
Clerk

———————

No. 25-60433
Summary Calendar

———————

Carolina Yamilet Fuentes-Alfaro; Joseph Sebastian Lopez-Fuentes,

*Petitioners*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A208 884 540,
A208 884 541

———————————————————————

Before Clement, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Carolina Yamilet Fuentes-Alfaro and her minor son Joseph Sebastian Lopez-Fuentes, natives and citizens of El Salvador, applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Fuentes-Alfaro argued that she would suffer persecution

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60433

from El Salvador's gangs if she returned to the country. The immigration judge (IJ) denied all three forms of relief, and the Board of Immigration Appeals (BIA) affirmed. Fuentes-Alfaro timely filed this petition for review.

We review the BIA's decision for substantial evidence "and reverse only if the evidence is 'so compelling that no reasonable fact finder could fail to find the petitioner statutorily eligible for relief.'" *Qorane v. Barr*, 919 F.3d 904, 909 (5th Cir. 2019) (quoting *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (per curiam)). Because the BIA affirmed the IJ's decision without opinion, "the IJ's decision is the final agency determination subject to our review." *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019) (per curiam).

The IJ denied Fuentes-Alfaro's application in part because she did not establish that she suffered past persecution inflicted by private actors whom the Salvadoran government "is unable or unwilling to control." *See Sanchez-Amador v. Garland*, 30 F.4th 529, 533 (5th Cir. 2022). When Fuentes-Alfaro reported to police that she was assaulted by three gang members, an officer advised her that the gang might take revenge against her for reporting the crime, so she withdrew her report. The IJ found that the police's "acknowledgement of reality does not amount to evidence of an unwillingness or inability to assist." Moreover, he noted that when gang members later extorted Fuentes-Alfaro, she reported them to police, who "set up a camera, caught the individuals, and even prosecuted them." Fuentes-Alfaro was extorted again years later, but she did not report it because she believed the police would not or could not assist her. The IJ declined to find that "the police were unable or unwilling to control the conduct of a third party if such conduct was never reported to the police in the first instance." Accordingly, he denied Fuentes-Alfaro's application for asylum and withholding of removal because she did not show past persecution.

No. 25-60433

On appeal, Fuentes-Alfaro does not challenge these findings. She argues that the "gang that targeted and subjected [her] to the persecution she suffered in El Salvador" has "a large network and cannot be controlled by the Salvadoran government." But this conclusory, one-sentence argument is insufficient to preserve this issue for review. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006). Fuentes-Alfaro has abandoned this issue, so she cannot establish eligibility for asylum or withholding of removal. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam).

As for CAT relief, the IJ found that Fuentes-Alfaro did not establish that she would more likely than not be tortured with the consent or acquiescence of a public official if she returned to El Salvador. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). Fuentes-Alfaro argues that she has met this burden: She assisted the authorities in their investigation and conviction of the gang members who extorted her, so she faces the threat of retaliation, and the police are not willing or able to help her. Although the IJ acknowledged that the Salvadoran government's attempts to control gang activity have had "mixed results," he found that the government did not consent or acquiesce to the gang conduct Fuentes-Alfaro faced. On the contrary, he found that when Fuentes-Alfaro reported gang activity, the police either assisted her or advised her of "the practical reality that gangs often retaliate against those who report crimes." Fuentes-Alfaro has not demonstrated that "the evidence both supports and compels a contrary result." *Id.*; *see also Qorane*, 919 F.3d at 911 ("[A] government's inability to protect its citizens does not amount to acquiescence."). Accordingly, substantial evidence supports the determination that she is not entitled to protection under the CAT.

The petition for review is DENIED.

3